**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION**

M.S.,                                        :
                                             :
                Plaintiff,                   :
                                             :
        VS.                                  :
                                             :        1 : 20-CV-42 (TQL)
ANDREW SAUL,                                 :
Commissioner of Social Security,            :
                                             :
                Defendant.                   :
_____

**ORDER**

Plaintiff filed this Social Security appeal on March 10, 2020, challenging the Commissioner's final decision denying his application for disability benefits, finding him not disabled within the meaning of the Social Security Act and Regulations. (Doc. 1). Jurisdiction arises under 42 U.S.C. § 405(g) and 42 U.S.C. § 1383(c). All administrative remedies have been exhausted.

Both parties have consented to the United States Magistrate Judge conducting any and all proceedings herein, including but not limited to the ordering of the entry of judgment. The parties may appeal from this judgment, as permitted by law, directly to the Eleventh Circuit Court of Appeals. 28 U.S.C. § 636(c)(3).

*Legal standards*

In reviewing the final decision of the Commissioner, this Court must evaluate both whether the Commissioner's decision is supported by substantial evidence and whether the Commissioner applied the correct legal standards to the evidence.   *Boyd v. Heckler*, 704 F.2d 1207, 1209 (11ᵗʰ Cir. 1983); *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11ᵗʰ Cir. 1983).   The Commissioner's factual findings are deemed conclusive if supported by substantial evidence, defined as more than a scintilla, such that

a reasonable person would accept the evidence as adequate to support the conclusion at issue. *Richardson v. Perales*, 402 U.S. 389, 401 (1971)*; Cornelius v. Sullivan*, 936 F.2d 1143, 1145 (11th Cir. 1991).   In reviewing the ALJ's decision for support by substantial evidence, this Court may not reweigh the evidence or substitute its judgment for that of the Commissioner.   "Even if we find that the evidence preponderates against the [Commissioner's] decision, we must affirm if the decision is supported by substantial evidence."   *Bloodsworth*, 703 F.2d at 1239.   "In contrast, the [Commissioner's] conclusions of law are not presumed valid. . . . The [Commissioner's] failure to apply the correct law or to provide the reviewing court with sufficient reasoning for determining that the proper legal analysis has been conducted mandates reversal."   *Cornelius*, 936 F.2d at 1145-1146.

### Administrative Proceedings

Plaintiff filed applications for disability and Supplemental Security Income benefits in January 2016, alleging disability since July 24, 2014. (T-278-285). His claims were denied initially and upon reconsideration. (T-172-190). A hearing was held before an ALJ in January 2019. (36-68). In a hearing decision dated April 9, 2019, the ALJ determined that Plaintiff was not disabled. (T-15-35). The Appeals Council denied review. (T-1-6).

### Statement of Facts and Evidence

Born on January 1, 1978, Plaintiff was 41 years of age at the time of the ALJ's April 2019 decision. (T-278). Plaintiff alleges disability since July 24, 2014, due to an injury to his left hand, lower back pain, neck pain, leg and knee pain, left arm pain, diabetes, high cholesterol, high blood pressure, poor circulation in feet, and depression. (T-338). Plaintiff completed high school and has past relevant work experience as a forklift operator, tractor driver, and seasonal worker. (T-339-340). As determined by the ALJ, Plaintiff suffers from severe impairments in the form of hypertension;

ischemic heart disease; history of wrist fracture; and degenerative changes of the cervical and lumbar spine. (T-21). The ALJ found that the Plaintiff did not have an impairment or combination thereof that met or medically equaled a listed impairment, and remained capable of performing light work activity with certain limitations. (T-22-23). The ALJ determined that Plaintiff could not return to his past relevant work. (T-27). The ALJ relied on the testimony of a Vocational Expert ("VE") to determine that there were jobs that existed in significant numbers in the national economy which Plaintiff could perform, and that he thus was not disabled. (T-29).

## DISCUSSION

Plaintiff asserts that the ALJ erred in failing to find that his carpal tunnel syndrome was a severe impairment, erred in evaluating and assigning weight to opinion evidence, failed to properly assess Plaintiff's credibility and that of his cousin, and improperly relied on Plaintiff's failure to seek medical treatment as a basis for finding him not disabled.

### Step 2 severity analysis

Plaintiff asserts that the ALJ erred in failing to find that his carpal tunnel syndrome was an additional severe impairment at Step 2 of the sequential evaluation process, in that his wrist fracture and carpal tunnel syndrome were distinct impairments causing separate functional limitations. At Step 2 of the sequential evaluation process, the ALJ determined that Plaintiff suffered from severe impairments in the form of hypertension, ischemic heart disease, history of wrist fracture, and degenerative changes of the cervical and lumbar spine. (T-21). He further found that Plaintiff's carpal tunnel syndrome was a nonsevere impairment. *Id.* In so doing, the ALJ noted that "[a]n electromyography study revealed the claimant had left carpal tunnel syndrome evidenced by the delay of the distal median motor latency and absent distal median sensory latency. The findings also

revealed he displayed radial mononeuropathy at the wrist. However, the claimant lacked treatment history regarding this impairment." *Id.*

"Step two is a threshold inquiry. It allows only claims based on the most trivial impairments to be rejected. The claimant's burden at step two is mild. An impairment is not severe only if the abnormality is so slight and its effect so minimal that it would clearly not be expected to interfere with the individual's ability to work, irrespective of age, education or work experience. Claimant need show only that [his] impairment is not so slight and its effect is not so minimal." *McDaniel v. Bowen*, 800 F.2d 1026, 1031 (11th Cir. 1986). However, Step 2 "acts as a filter; if no severe impairment is shown the claim is denied, but the finding of any severe impairment, whether or not it qualifies as a disability and whether or not it results from a single severe impairment or a combination of impairments that together qualify as severe, is enough to satisfy the requirement of step two." *Jamison v. Bowen*, 814 F.2d 585, 588 (11th Cir. 1987); *see also Hearn v. Commissioner, Social Sec. Admin.,* 619 F. A'ppx 892, 895 (11th Cir. 2015).

Inasmuch as the ALJ herein found that the Plaintiff suffered from severe impairments, including a history of wrist fracture, and thereafter proceeded through the sequential evaluation process, the ALJ did not err in failing to find other severe impairments at Step Two. *Id*. Moreover, the Plaintiff has not satisfied his burden of establishing that his carpal tunnel syndrome qualifies as a severe impairment in that it limits his ability to perform work activity. In *McCruter v. Bowen*, 791 F.2d 1544 (11th Cir. 1986), the Eleventh Circuit clarified that "the 'severity' of a medically ascertained disability must be measured in terms of its effect upon ability to work, and not simply in terms of deviation from purely medical standards of bodily perfection or normality." *Id.* at 1547. As noted by the Commissioner, a diagnosis alone does not establish disability, and the record does not contain additional work-related restrictions resulting exclusively from Plaintiff's carpal tunnel syndrome. *Hutchinson v. Astrue,* 408 F.

A'ppx 324, 326 (11th Cir. 2011); *Moore v. Barnhart*, 405 F.3d 1208, 1213 n.6 (11th Cir. 2005);

*McCruter*, 791 F.2d at 1547. Thus, the ALJ's findings regarding the presence of the identified severe

impairments is supported by substantial evidence. *See also Tuggerson-Brown v. Commissioner of*

*Social Sec.,* 572 F. A'ppx 949, 951 (11th Cir. 2014) ("[T]he regulations state that the only consequence

of the analysis at step two is that, if the ALJ finds no severe impairment or impairments, he should

reach a conclusion of no disability. . . [I]t is apparent that there is no need for an ALJ to identify every

severe impairment at step two.").

***Medical opinion evidence***

Plaintiff asserts that the ALJ failed to properly discuss all elements of the opinion evidence and

the weights he assigned to each. Plaintiff points to the ALJ's failure to include the handling, fingering,

and feeling restrictions issued by state agency physicians Wener and Bittinger, Dr. Granville's lifting

restrictions, Dr. Williamson's reaching, lifting, and carrying restrictions, and Dr. Littell's notation of

Plaintiff's "wrist deformity".

Pursuant to 20 C.F.R. § 404.1527(e)(2), the Commissioner will "consider opinions from

treating and examining sources on issues such as . . . your residual functional capacity . . . [although]

the final responsibility for deciding these issues is reserved to the Commissioner." "A statement by a

medical source that you are 'disabled' - or unable to work- does not mean that we will determine that

you are disabled." 20 C.F.R. § 404.1527(e)(1). Good cause to discount the opinion of a physician has

been found to exist "where the doctor's opinion was not bolstered by the evidence, or where the

evidence supported a contrary finding. We have also found good cause where the doctors' opinions

were conclusory or inconsistent with their own medical records." *Lewis v. Callahan*, 125 F.3d 1436,

1440 (11th Cir. 1997) (internal citations omitted). As the *Lewis* court noted, "[w]e are concerned here

with the doctors' evaluations of [the plaintiff's] condition and the medical consequences thereof, not their opinions of the legal consequences of [her] condition." *Id.*

Although the ALJ did not credit every aspect of their opinion evidence, the ALJ did fully consider the opinions of Drs. Wener, Bittinger, Granville, Williamson, and Littell, and assigned weight to their opinions accordingly. (T-26). The ALJ properly provided specific reasons to assign less than fully favorable weight to these opinions. *Id.* The ALJ is not required to discuss every piece of evidence or aspect of a medical opinion. *Dyer v. Barnhart*, 395 F.3d 1206, 1211 (11th Cir. 2005). Moreover, the Plaintiff has failed to show that additional restrictions were supported by objective medical findings or opinions, and therefore should have been included in his residual functional capacity assessment. "The ALJ is not required to include in [his findings] claims of impairments that he has found unsupported." *Dent v. Astrue*, 2009 WL 3418155 (M.D.Ga.) (citing *Crawford v. Comm'r. of Soc. Sec.*, 363 F.3d 1155, 1161 (11th Cir. 2004)).

### *Credibility findings*

If the Commissioner "finds evidence of an underlying medical condition, and either (1) objective medical evidence to confirm the severity of the alleged pain arising from that condition, or (2) that the objectively determined medical condition is of a severity which can reasonably be expected to give rise to the alleged pain," then he must consider the claimant's subjective testimony of pain. *Marbury v. Sullivan*, 957 F.2d 837, 839 (11th Cir. 1992); *Hand v. Heckler*, 761 F.2d 1545 (11th Cir. 1985).

An individual's statement concerning pain is not alone conclusive evidence of a disability. 20 C.F.R. § 404.1529(a). Rather, the intensity and persistence of the pain must be considered, using plaintiff's testimony, including activities of daily living, and objective medical records as evidence.

20 C.F.R. § 404.1529(c).   The Commissioner is entitled to "consider whether there are any

inconsistencies in the evidence, and the extent to which there are any conflicts between [plaintiff's]

statements and the rest of the evidence."   20 C.F.R. § 404.1529(c)(4).   If plaintiff's testimony of pain

and other symptoms can be reasonably accepted as consistent with the medical evidence, then plaintiff

can be deemed disabled.   If the Commissioner discredits such testimony, "he must articulate explicit

and adequate reasons," or the testimony must be accepted as true.   *Cannon v. Bowen*, 858 F.2d 1541,

1545 (11th Cir. 1988).

The ALJ found that

> [t]he claimant appeared and testified at a hearing held on January 31,
> 2019. The claimant alleged disability due to a wrist injury and an
> injured back. He alleged that he could not do anything, such as cooking,
> laundry, dressing, bathing, and grocery shopping due to his
> impairments. In his function report, he stated that he had loss of
> function in his left hand, and that his back and neck condition did not
> allow him to stand and sit for long periods due to constant pain.
> As for the claimant's statements about the intensity, persistence, and
> limiting effects of his symptoms, they are inconsistent with the overall
> weight of the evidence. For example, the claimant testified that he could
> hardly walk. However, when he presented to Crisp Regional Hospital
> for low back pain, his physical examinations only showed mild
> tenderness in his back muscles. The claimant's most recent imaging
> study of the lumbar spine revealed mild degenerative disc disease . . .
> [and] imaging studies on the claimant's cervical spine revealed mild
> degenerative changes . . . claimant had normal physical examinations . .
> . [and] Dr. Williamson also noted the claimant could ambulate
> independently without an assistive device.
>
> The claimant also complained of a wrist injury due to an on-the-job
> injury. He testified that he had several surgeries on his wrist. However,
> the medical records showed only one surgery. . . [Claimant] stated to
> treatment providers that he fell at work and that his arm was caught in
> the machinery. However, other records indicate that he was attacked by
> his girlfriend while entering the residence of another woman. . . The
> claimant participated in physical therapy for his left arm after surgery.
> However, the records only indicated two visits. . . Dr. Granville on
> November 3, 2015 indicated that the claimant was at maximum medical

improvement with a 6% whole person impairment. Dr. Granville noted that the claimant had not returned to work, although he had been released to return to work.

. . .

The record also shows that the claimant has hypertension and ischemic heart disease. The claimant had high blood pressure readings upon exam; however, he admits that he is not taking his medication. Further, a cardiac study revealed anterior, but predominately atypical ischemia. However, a chest x-ray revealed only mild cardiomegaly.
After careful consideration of the evidence, the undersigned finds that the claimant's medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record for the reasons explained in this decision.

(T-24-25).

The ALJ thoroughly reviewed the records of Plaintiff's medical treatment and his subjective accounts of limitations. The Court finds that the ALJ made a credibility finding which is supported by substantial evidence. The ALJ reviewed in detail the objective medical record and Plaintiff's testimony, and found that his statements were not supported by the objective medical record, to the degree of impairment alleged by Plaintiff. The ALJ did credit portions of Plaintiff's testimony to establish his RFC at the light work level with restrictions and to find that he was unable to return to his past relevant work. The ALJ's conclusion that Plaintiff's allegations were not wholly supported by the objective record is supported by substantial evidence.

To the extent that Plaintiff contends that the ALJ failed to properly consider the statement of his cousin, the ALJ's decision shows that he fully and properly considered the cousin's statement, providing specific reasons for providing it little weight. (T-27).

***Failure to seek treatment***

Finally, Plaintiff alleges that the record evidences his inability to afford treatment, and that the ALJ erred in finding that his lack of medical care was proof of his severe impairments. However, the record reflects that the ALJ based his decision largely on the objective medical record, not on Plaintiff's lack of treatment. *Cf. Ellison v. Barnhart,* 355 F.3d 1272, 1275 (11th Cir. 2003) ("[W]hen an ALJ relies on noncompliance as the sole ground for denial of disability benefits, and the record contains evidence showing that the claimant is financially unable to comply with prescribed treatment, the ALJ is required to determine whether the claimant was able to afford the prescribed treatment.").

While Plaintiff cites to *Dawkins v. Bowen*, 848 F.2d 1211 (11th Cir. 1988), in *Dawkins,* the Eleventh Circuit found that if an ALJ was relying on a claimant's failure to follow prescribed treatment to deny disability status, he must find that with the treatment, claimant's ability to work would be restored, and the claimant's poverty would excuse noncompliance with prescribed treatment. Here, there is no indication that the ALJ relied on Plaintiff's noncompliance as a reason for finding him not disabled.

***Conclusion***

Inasmuch as the Commissioner's final decision in this matter is supported by substantial evidence and was reached through a proper application of the legal standards, the Commissioner's decision is **AFFIRMED** pursuant to Sentence Four of § 405(g).

**SO ORDERED**, this 8th day of March, 2021.

s/ ***Thomas Q. Langstaff***
**UNITED STATES MAGISTRATE JUDGE**

9